IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH STAMPS,

        Petitioner,

  v.

RANDY GROUNDS,

        Respondent.

No. C 12-05753 WHA

**ORDER TO SHOW CAUSE**

        State prisoner Keith Stamps, through counsel, filed petition for a writ of habeas corpus on November 8, 2012. The petition stated that he had a pending habeas petition before the state Supreme Court. According to petitioner's federal filing, Stamps' state petition included the same issues on which he seeks relief from this Court. Several of those claims — those related to his alleged status as a juvenile at the time of the offense for which he was convicted — apparently have not been otherwise presented to a state court. Petitioner therefore appears not to have exhausted his state-court remedies as to two of the five claims presented in his federal habeas petition.

        The petition includes the notation that "[p]etitioner intends, simultaneous to his filing of the federal petition, to seek a 'stay-and-abate' order pursuant to *Rhines v. Weber* 544 U.S. 269, 125 S. Ct. 1528 (2005) with respect to the claims articulated in ¶5(c)." *Rhines* held that a district court has the authority to issue stays of mixed petitions under AEDPA where good cause exists for petitioner's failure to exhaust the claims in state court and the claims are potentially meritorious. *Id.* at 277. Perhaps petitioner seeks to follow this procedure. He has not done so,

however, because there is no request for stay or abeyance.  Petitioner is **ORDERED TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE SUMMARILY DISMISSED** for failure to exhaust state remedies.  Petitioner's response is due by **DECEMBER 17 AT NOON**.  Absent a showing of good cause under *Rhines*, petitioner may decide to exhaust the unexhausted claims by returning to state court, or may abandon those claims and pursue the remaining exhausted claims in federal court by filing an amended petition that removes the unexhausted claims.  *See Jefferson v. Budge*, 419 F.3d 1013, 1015 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated:  December 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2