IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH STAMPS, <br><br> Petitioner, <br><br> v. <br><br> RANDY GROUNDS, <br><br> Respondent. | No. C 12-05753 WHA <br><br> **ORDER GRANTING MOTION TO FILE AMENDED PETITION AND TO STAY AND ABATE** |

## INTRODUCTION

In this federal habeas petition containing both allegedly exhausted and unexhausted claims, petitioner moves to file an amended petition and to stay and abate his petition, pending exhaustion in state court. To the extent below, both of petitioner's motions are **GRANTED**.

## STATEMENT

Petitioner Keith Stamps is currently an inmate at Salinas Valley State Prison in Soledad, California (Petition at 1). Petitioner was charged and convicted of one count of first-degree murder, enhanced with an allegation that he injured the victim with a firearm under Cal. Penal Code Section 12022.53(d) (*id.* at 3, 5). Prior to sentencing, the California trial court denied petitioner's motion for ineffective assistance of counsel (*id.* at 5).

According to petitioner, he filed an appeal to California's Court of Appeal claiming that: (1) there was insufficient evidence to support the conviction; (2) the trial court made an inadequate inquiry into petitioner's motion for ineffective assistance of counsel; (3) the jury

instructions were in federal constitutional error; and (4) counsel was ineffective by failing to request a clarifying instruction that provocation could reduce a first-degree murder to the second degree (*id.* at 6). The Court of Appeal affirmed the conviction (*ibid.*). Petitioner's request for review from the California Supreme Court was denied (*ibid.*).

Here, petitioner files a federal habeas petition under 28 U.S.C. 2254. In addition to the allegedly exhausted claims listed above, he presents three admittedly unexhausted claims: (1) his sentencing as an adult to confinement greater than what could have been imposed on him as a juvenile violated the Sixth and Fourteenth Amendments; (2) his sentence of fifty-years-to-life violated the Eighth and Fourteenth Amendments; and (3) his sentence violated the Equal Protection Clause of the Fourteenth Amendment since other minors, equally culpable of similar crimes, were exempt from such punishment (*id.* at 7).

In his federal habeas petition, petitioner stated he would concurrently file a motion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and abate so he could pursue his unexhausted claims in state court. He did not. After an order to show cause issued, petitioner filed the instant motion to stay and abate. A separate order issued to request respondent show cause as to why the instant motion should not be granted. No response from respondent was received.

This order now turns to the motion to stay and abate before proceeding to the motion to amend.

**ANALYSIS**

**1.    PETITIONER'S MOTION TO STAY AND ABATE HIS HABEAS PETITION.**

**A.    Legal Standard.**

The United States Supreme Court in *Rhines* held that when presented with "mixed" federal habeas petitions containing both exhausted and unexhausted claims, a district court has the discretion to stay and abate the petition while the petitioner returns to state court to exhaust the unexhausted claims. The Supreme Court stated that:

> [S]tay and abeyance should be available only in limited circumstances[,] [and] . . . is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a

> petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless . . . .  On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines*, 544 U.S. at 277–78.  Therefore, to succeed on his stay-and-abate motion, petitioner must show:  (1) good cause as to why he failed to exhaust his claims; and (2) that his allegedly unexhausted claims are not plainly meritless.  Since petitioner's characterizations of his claims fall into two categories — two *Miller* claims and one *Apprendi* claim — this order now examines whether either set of claims meets the *Rhines* standard.

### B. Petitioner's *Miller* Claims.

Petitioner characterizes his second and third allegedly unexhausted claims as *Miller* claims.  *Miller v. Alabama* held that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment.  567 U.S. ___, 132 S.Ct. 2455, 2464 (2012).  Here, petitioner appears to argue that he was a juvenile, and his sentence of fifty-to-life similarly violated the Eighth Amendment.  Petitioner also brings an unexhausted claim that the imposition of such an unconstitutional sentence violated his equal protection rights, because other similarly situated offenders were not given similarly unconstitutional sentences.

The United States Supreme Court decided *Miller* after the California Supreme Court denied review of petitioner's conviction, and five months before petitioner filed this federal habeas petition.  Since *Miller* was not yet available for petitioner to exhaust in state court, sufficient good cause is shown here.  Furthermore, petitioner's claims are not so plainly meritless as to be rejected at this stage.  This order now examines petitioner's *Apprendi* claim.

### C. Petitioner's *Apprendi* Claim.

Petitioner characterizes his first allegedly unexhausted claim as an *Apprendi* claim. *Apprendi v. New Jersey* held that other than a prior conviction, any fact that increases penalty for crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt.  530 U.S. 466, 490 (2000).  Petitioner's *Apprendi* claim is that he

1  was a juvenile and that his age was never submitted to the jury — had petitioner been treated as
2  a juvenile and found guilty, he would have been given a lesser sentence.

3  Though *Apprendi* was decided over a decade ago, petitioner asserts that his particular
4  *Apprendi* claim was raised at the state level for the first time in *People v. Blackwell*, 202 Cal.
5  App. 4th 144 (2011), *vacated sub nom. Blackwell v. California*, 133 S.Ct. 837 (2013) (remanding
6  to the California Court of Appeal for further consideration in light of *Miller*).  When this petition
7  was filed, however, dispositive resolution of *Blackwell* was pending; petitioner now implies that
8  he needed to wait for that dispositive resolution before raising this *Apprendi* claim himself
9  (Petition at 8–9).

10  While good cause for failure to exhaust does not require "extraordinary circumstances,"
11  *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005), ignorance is not sufficient. *See Wooten v.*
12  *Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).  In *Wooten*, the petitioner tried to show good
13  cause by explaining that he was "under the impression" his counsel raised all the relevant issues
14  in state court.  *Ibid*.  Our court of appeals found that argument to be unconvincing, because "if
15  the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a
16  claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel,
17  could argue that he thought his counsel had raised an unexhausted claim."  *Ibid*.  But petitioner
18  does not claim absolute ignorance here.  Instead, he seems to claim that he monitored *Blackwell*
19  closely, waiting for its final disposition before asserting this particular *Apprendi* claim.
20  Given the unusual procedural circumstances surrounding *Blackwell* when petitioner filed
21  this petition, this order, in its discretion, finds sufficient good cause.  Furthermore, as with his
22  *Miller* claims, petitioner's *Apprendi* claim is not so plainly meritless to be rejected at this stage.
23  Therefore, to the extent above, petitioner's motion to stay and abate is **GRANTED**.  This order
24  now turns to petitioner's motion to amend.

25  **2.    PETITIONER'S MOTION TO AMEND HIS HABEAS PETITION.**
26  **A.    Legal Standard.**

27  Petitioner seeks leave to file an amended petition, citing FRCP 15.  Petitioner also claims
28  that the amendments "serve[] the interest of all parties by doing nothing other than to clarify and

4

rectify case-and-authority citation in the pleading so as to make it easier for the parties and court to understand without materially altering the contents of Stamps' petition" (Mot., Dkt. No. 7 at 5).

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing FRCP 15(a)). Although petitioner's counsel did not adhere to a previous order requesting a comparison identifying changes between the original and amended petitions, this order finds no substantive changes between the two. The proposed amended petition does not add substantive claims or alter the prior claims and arguments; it only corrects some typographical errors and improper citations. Therefore, to the extent above, petitioner's motion to file the appended petition is **GRANTED.**

## CONCLUSION

To the extent stated above, petitioner's motion to amend and his motion to stay and abate are **GRANTED.** On **OCTOBER 2, 2013**, both sides shall advise the Court by written memorandum as to the status of the state proceedings.

**IT IS SO ORDERED.**

Dated: March 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE