1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    KEITH STAMPS,                              Case No.   12-cv-05753-BLF

                    Plaintiff,
8
            v.                                  **ORDER OF DISMISSAL**
9
                                                [Re: ECF 23]
     RANDY GROUNDS,
10
                    Defendant.
11

12

13          State prisoner Keith Stamps, through counsel, filed a petition for a writ of habeas corpus

14   on November 8, 2012. ECF 1. Petitioner has failed to take any action in this case since April 3,

15   2014—nearly 22 months—and has failed to comply with six consecutive Court orders, including

16   two that warned him that failure to respond could result in dismissal. The Court issued the most

17   recent of these orders on December 29, 2015 ordering Petitioner to show cause why this case

18   should not be dismissed by January 21, 2016 and warning that a failure to comply with Court

19   orders would result in a dismissal of this action under Fed. R. Civ. P. 41(b). ECF 23. To date,

20   Petitioner has failed to respond. Accordingly, the Court hereby DISMISSES this action under Fed.

21   R. Civ. P. 41(b).

22   **I.      BACKGROUND**

23          State prisoner Keith Stamps, through counsel, filed this petition for a writ of habeas corpus

24   on November 8, 2012. ECF 1. On March 12, 2013, Judge Alsup granted Petitioner's Motion to

25   File an Amended Petition and to Stay and Abate Petition pending exhaustion in state court and

26   ordered Petitioner to provide an update on the state proceedings by no later than October 2, 2013.

27   ECF 10. On October 15, 2013, Petitioner filed a status report, "apologiz[ing] for the tardiness" of

28   the update and informing the court that the case remained pending before the California Supreme

*United States District Court*
*Northern District of California*

1   Court.  ECF 11.

2          The same day, Judge Alsup ordered Petitioner to further update the court by January 19,

3   2014. ECF 12. Petitioner failed to update the court by that deadline. On January 27, 2014, Judge

4   Alsup issued a second order to file a status report, this time by January 30, 2014, and alerted

5   Petitioner that failure to respond could result in dismissal. ECF 13. On January 31, 2014,

6   Petitioner filed an update informing the court that the state case remained pending and again

7   "apologize[d] . . . for overlooking [the c]ourt's October 15, 2013 order." ECF 14.

8          On February 3, 2014, Judge Alsup ordered Petitioner to provide further updates by April 3,

9   2014. ECF 15. Petitioner complied with the deadline, informing the court that the state matter

10  remained pending. ECF 16. The same day, Judge Alsup ordered Petitioner to provide further

11  updates by July 17, 2014. ECF 17. Petitioner failed to do so.

12         The case was reassigned to Judge Chhabria on April 17, 2014 and the parties were ordered

13  to submit a joint case management statement. The parties failed to do so. The court ordered the

14  parties to submit a statement by May 14, 2014. The parties again failed to do so.

15         On August 28, 2014, a Clerk's notice directed Petitioner to file a status update by October

16  14, 2014. ECF 19.  Petitioner failed to do so.

17         On October 21, 2014, the case was reassigned to this Court. On June 2, 2015, this Court

18  ordered Petitioner to update the Court as to the status of the state court proceedings by June 19,

19  2015 and notified Petitioner that failure to do so could result in dismissal of his petition. ECF 22.

20  Petitioner failed to meet this deadline.

21         Since Plaintiff had not taken any action in this case since April 3, 2014, on December 29,

22  2015, the Court issued an order to show cause by January 21, 2016 why this case should not be

23  dismissed against all Defendants because of Plaintiffs' failure to comply with Court orders. ECF

24  23.  To date, Plaintiff has not filed an amended complaint and has not responded to the order to

25  show cause.

26  **II.    LEGAL STANDARD**

27         Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of an action "[i]f

28  the plaintiff fails to prosecute or to comply with these rules or a court order." The Rule permits a

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  court to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

2  Before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the

3  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

4  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

5  their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Calif. Amplifier*, 191

6  F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

7  Cir.1986)).

8  **III.    DISCUSSION**

9         Plaintiffs' unjustified failure to respond to six consecutive Court orders, including two that

10  provided notice that dismissal could be a consequence of failure to respond, or to take any action

11  in this case for nearly 22 months can serve as grounds for dismissal if the *Henderson* factors favor

12  dismissal. *See Yourish*, 191 F.3d at 986.

13        Here, four of the five *Henderson* factors strongly favor dismissal. Dismissal serves the

14  public's interest in expeditious resolution of litigation because Petitioner's inaction has stalled this

15  case since April 2014. Since that time, the Court has given Petitioner six opportunities to provide

16  the Court with a simple update in order to avoid dismissal. Petitioner has yet to respond. With

17  respect to the second factor, Petitioner's conduct has interfered with the Court's need to manage

18  its docket because Petitioner has consistently ignored the Court's orders, most recently by not

19  responding to the order to show cause and notice of imminent dismissal. As to the third factor,

20  failure to dismiss this action would prejudice Defendant, who is entitled to a resolution of

21  Petitioner's claims. The fourth factor—the public policy favoring disposition of cases on their

22  merits—does not favor dismissing the action. Finally, as to the fifth factor, the Court sees little

23  point in imposing less severe sanctions because Petitioner has shown no interest in responding to

24  such sanctions or this Court's orders, as demonstrated by his failure to so much as acknowledge

25  the preceding six orders. Petitioner has not taken any action since April 3, 2014. The Court's order

26  to show cause expressly warned Petitioner about the potential for imminent dismissal under Rule

27  41(b) and Petitioner did not respond.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**IV.    ORDER**

Accordingly, the record supports dismissal pursuant to Rule 41(b) and the Court hereby

DISMISSES all claims against Defendant without prejudice.

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____

BETH LABSON FREEMAN
United States District Judge

4