1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                          **SAN JOSE DIVISION**

6

7    KEITH STAMPS,                          Case No.  12-cv-05753-BLF

                    Plaintiff,

8

         v.                                 **ORDER DENYING PETITIONER'S**
9                                           **MOTION FOR APPOINTMENT OF**
     RANDY GROUNDS,                         **COUNSEL WITHOUT PREJUDICE**
10
                    Defendant.              [Re: ECF 26-1]
11

12

13          Petitioner has appealed the Court's Order of Dismissal and Judgment to the Ninth Circuit.

14   ECF 26. Before the Court is Petitioner's Motion for Appointment of Counsel on appeal. ECF 26-

15   1. While counsel of record appears on the Court's docket, Petitioner represents in his Motion that

16   his counsel has effectively abandoned him. Therefore, the Court considers this Motion as though

17   Petitioner were proceeding *pro se.*

18          The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See*

19   *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B)

20   authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court

21   determines that the interests of justice so require" and such person is financially unable to obtain

22   representation. The decision to appoint counsel is within the discretion of the district court.

23   *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v.*

24   *Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the

25   exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial

26   and complex procedural, legal or mixed legal and factual questions; (3) cases involving

27   uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance

28   of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to

United States District Court
Northern District of California

investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Here, Petitioner, a non-capital inmate, is appealing this Court's order of dismissal for failure to prosecute. This issue is not complex, does not require the assistance of experts or investigation into crucial facts, and Petitioner has not asserted that he is uneducated or physically impaired. Furthermore, his notice of appeal, filed in *pro se*, is clearly presented. Accordingly, Petitioner's circumstances do not warrant appointment of counsel on appeal. *See Chaney*, 801 F.2d at 1196. His motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 6, 2016

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2