1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

KEITH STAMPS,

              Petitioner,

   v.

RANDY GROUNDS,

              Respondent.

Case No.  12-cv-05753-BLF

**ORDER ON REMAND**

      The Court dismissed this action following Petitioner's failure to respond to six court orders or take any action in this case over the course of nearly two years. *See* Dismissal Order, ECF 24. Petitioner appealed, stating that he had been abandoned by his counsel, *see* ECF 26, and the Ninth Circuit remanded the case for several limited purposes: first, to determine whether Petitioner's request to reopen the time to appeal is timely and, if so, to rule on that request; second, if the Court grants the request, to grant or deny a certificate of appealability; and, finally, to address Petitioner's request to reopen this case. ECF 29. For the reasons stated below, the Court GRANTS the request to reopen time, ISSUES a certificate of appealability as outlined below, and ISSUES an indicative ruling that the Court would likely reopen proceedings if the case were remanded for that purpose.

## I.     BACKGROUND

      Petitioner Keith Stamps, through counsel, filed a petition for a writ of habeas corpus on November 8, 2012 based on the following. *See* Petition, ECF 1; *see also* Amended Petition, ECF

6-1. In 2007, Petitioner was charged and convicted of one count of first-degree murder, enhanced with an allegation that he injured the victim with a firearm under Cal. Penal Code Section 12022.53(d). *Id.* at 3. Prior to sentencing, the California trial court denied petitioner's motion for ineffective assistance of counsel. *Id.* at 5. The trial court then sentenced Petitioner to an aggregate term of fifty years to life. *Id.* at 5. Petitioner states that, at the time of his offense, he was under eighteen. *Id.* at 4 and n.6.

Petitioner appealed to California's Court of Appeal claiming that: (1) the evidence supporting the conviction was insufficient; (2) the trial court's inquiry into his motion for ineffective assistance of counsel was inadequate; (3) the jury instructions were in federal constitutional error; and (4) counsel was ineffective by failing to request a clarifying instruction that provocation could reduce a first-degree murder to the second degree. *Id.* at 6. The Court of Appeal affirmed Petitioner's conviction and his request for review from the California Supreme Court was denied. *Id.*

Petitioner then filed this federal habeas petition under 28 U.S.C. § 2254. In addition to the allegedly exhausted claims listed above, he presented three admittedly unexhausted claims: (1) his sentencing as an adult to confinement greater than what could have been imposed on him as a juvenile violated the Sixth and Fourteenth Amendments; (2) his sentence of fifty-years-to-life violated the Eighth and Fourteenth Amendments; and (3) his sentence violated the Equal Protection Clause of the Fourteenth Amendment since other minors, equally culpable of similar crimes, were exempt from such punishment. *Id.* at 7.

On March 12, 2013, the Court[1] stayed and abated this proceeding pending exhaustion of Petitioner's claims in state court. ECF 10. The Court also ordered Petitioner to provide an update on the state proceedings by no later than October 2, 2013. *Id*. Petitioner filed a status report two weeks late, "apologiz[ing] for the tardiness" and informing the court that the case remained pending before the California Supreme Court. ECF 11. Over the following twenty months, the Court ordered Petitioner to provide a status update by a date certain on eight separate occasions.

---

[1] References to "the Court" encompass actions taken by Judge Alsup and Judge Chhabria.

United States District Court
Northern District of California

1    Petitioner met the Court's deadline only once; on one other occasion, Petitioner again submitted a

2    late filing, accompanied by an apology; on all other occasions, Petitioner failed to respond at all.

3         Following this history, the Court ordered Petitioner to show cause why the case should not

4    be dismissed on December 29, 2015. *See* Order to Show Cause, ECF 23. Notice was electronically

5    delivered to Petitioner's attorney of record and not to Petitioner. After Petitioner failed to respond,

6    the Court dismissed the case, ECF 24, and entered judgment on January 29, 2016, ECF 25.

7         On March 11, 2016, the Court received Petitioner's Notice of Appeal, which was dated

8    March 8, 2016. ECF 26. The Notice of Appeal was filed by Mr. Stamps, not by his attorney. In the

9    Notice, Petitioner stated that his counsel had effectively abandoned him and that he did not receive

10   notice of the Judgment until "on or about February 26, 2016." *Id.* at 2-3.

11        The Ninth Circuit construed the Notice as a request to reopen the time to appeal and

12   remanded "for the limited purpose of allowing [this Court] to determine whether appellant's

13   request to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) is timely,

14   and if so, to rule on that request." Order of USCA at 2, ECF 29. In addition, the Ninth Circuit

15   ordered that "[i]f the district court grants the request to reopen the time to appeal, this appeal is

16   also remanded for the limited purpose of allowing the district court to grant or deny a certificate of

17   appealability" and that "[i]f the district court issues a certificate of appealibility, the court should

18   specify which issue or issues meet the required showing." *Id.* at 3. Finally, the Ninth Circuit asked

19   this Court to address Petitioner's request to reopen his case based on not having received the

20   December 29, 2015 Order to Show Cause. *Id.* at 3-4; *see also* ECF 26.

21        The Court addresses each of these issues in turn.

22   **II.    REQUEST TO REOPEN TIME**

23        Generally, "no appeal shall bring any judgment . . . before a court of appeals for review

24   unless notice of appeal is filed, within thirty days after the entry of such judgment . . . ." 28 U.S.C.

25   § 2107. Pursuant to Federal Rule of Appellate Procedure 4(a)(6), however, "[t]he district court

26   may reopen the time to file an appeal for a period of 14 days after the date when its order to

27   reopen is entered . . . if all the following conditions are satisfied: (A) the court finds that the

28   moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of

3

the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Petitioner represents in his Notice of Appeal that he did not receive notice of the Judgment, entered on January 29, 2016, until "on or about February 26, 2016." Notice of Appeal at 2. Under the circumstances known to this Court—specifically, that Petitioner's attorney has repeatedly failed to respond to Court orders—it is completely credible that Petitioner's attorney failed to notify Petitioner of entry of judgment. Therefore, the Court finds that Petitioner did not receive notice of the Judgment within 21 days after entry, satisfying subsection (A). In addition, the Court received the Notice of Appeal, dated March 8, 2016, on March 11, 2016. Both dates fall within 14 days of the date on which Petitioner received notice of the entry of judgment, thereby satisfying subsection (B). Thus, the Court finds that Petitioner's request to reopen the time is timely. Finally, the Court finds that neither party would be prejudiced by reopening the time. Rather, reopening would enable Petitioner pursue his appeal on the merits, and would not unduly burden Respondent. This satisfies subsection (C). Accordingly, the Court GRANTS Petitioner's request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). As stated in the Ninth Circuit's order, Petitioner does not need to file a new notice of appeal. *See* USCA Order at 2.

### III.    CERTIFICATE OF APPEALABILITY

The Court next considers whether a certificate of appealability ("COA") is appropriate. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). To meet this standard, "a habeas prisoner must . . . show[ ] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893).

United States District Court
Northern District of California

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Because courts are encouraged to "first resolve procedural issues," *id.* at 485, the Court begins there. As detailed above, Petitioner's attorney failed to take any action in his case for nearly 21 months and failed to comply with six court orders. As a result, the Court dismissed this case after finding that four of the five *Henderson* factors strongly favored dismissal—specifically, "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants . . . and (5) the availability of less drastic alternatives,'" but not "4) the public policy favoring disposition of cases on their merits." *See* Dismissal Order at 3 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Because no "plain procedural bar is present," and the Court instead weighed five factors to determine that dismissal was warranted on balance, reasonable jurists could disagree with the Court's conclusion. *See Slack*, 529 U.S. at 484. With regard to the second inquiry, because the Court found in its Stay and Abate Order that it did not appear from the face of the petition that it was without merit, then it is reasonably debatable that the claims in the petition are valid. *See Brown v. Asuncion*, No. 14-CV-04497-YGR (PR), 2016 WL 705987, at *5 (N.D. Cal. Feb. 23, 2016). Accordingly, a certificate of appealability is GRANTED as to the aforementioned issues.

## IV.    REQUEST TO REOPEN DISTRICT COURT PROCEEDINGS

Finally, the Court turns to Petitioner's request to reopen proceedings based on not having received the Order to Show Cause. "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1; *see also* Fed. R. App. P. 12.1. Accordingly, the Court ISSUES an indicative ruling pursuant to Rule 62.1(a)(3) that it would likely grant Petitioner's motion and reopen the case were it to be remanded for that purpose.

1    The Clerk of the Court shall serve a copy of this decision on the Ninth Circuit.

2    **IT IS SO ORDERED.**

3

4    Dated: June 2, 2016

5                                                    _____
                                                     BETH LABSON FREEMAN
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California