# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KEITH STAMPS,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY GROUNDS,<br><br>    Defendant. | Case No. 12-cv-05753-BLF<br><br>**ORDER REINSTATING STAY**<br>[Re: ECF 38] |

After the Ninth Circuit Court of Appeals remanded this case for the limited purpose of ruling on Petitioner's motion to reopen proceedings, this Court granted Stamps' motion and reopened the action without reinstating the previously imposed stay. ECF 37. In its order, the Court ordered Petitioner and his attorney of record, Donald Bergerson, to discuss the pendency of the action and to file an amended petition alleging that Petitioner's claims are entirely exhausted or to provide an update regarding when the claims will be exhausted. ECF 37.

On September 15, 2016, Mr. Bergerson filed a letter with this Court. ECF 38. In the letter, Mr. Bergerson provides an update of his attempts to contact Petitioner to discuss this action, which, as of the date of the letter, had been unsuccessful. The letter also indicates that "the California Supreme Court has at long last granted review on the primary issue on which Stamps sought and obtained a *Rhines v. Weber* stay." *Id.* The Court construes Mr. Bergerson's letter as a motion to reinstate the stay instituted by Judge Alsup. ECF 10. For the reasons discussed below, the motion is GRANTED and the action is STAYED.

Petitioner Keith Stamps is an inmate at Salinas Valley State Prison. Pet. 1, ECF 1. Petitioner was charged and convicted of one count of first-degree murder, enhanced with an allegation that he injured the victim with a firearm under Cal. Penal Code § 12022.53(d). *Id.* at 3, 5. Prior to sentencing, the California trial court denied Petitioner's motion for ineffective

assistance of counsel. *Id.* at 5.

According to Petitioner, he filed an appeal to California's Court of Appeal claiming that: (1) there was insufficient evidence to support the conviction; (2) the trial court made an inadequate inquiry into petitioner's motion for ineffective assistance of counsel; (3) the jury instructions were in federal constitutional error; and (4) counsel was ineffective by failing to request a clarifying instruction that provocation could reduce a first-degree murder to the second degree. *Id.* at 6. The Court of Appeal affirmed the conviction. *Id.* Petitioner's request for review from the California Supreme Court was denied. *Id.*

Here, Stamps seeks a writ of habeas corpus under 28 U.S.C. § 2254. In addition to raising the allegedly exhausted claims listed above, through his petition, Stamps also raises three unexhausted claims: "(1) his sentencing as an adult to confinement greater than what could have been imposed on him as a juvenile violated the Sixth and Fourteenth Amendments; (2) his sentence of fifty-years-to-life violated the Eight and Fourteenth Amendments; and (3) his sentence violated the Equal protection Clause of the Fourteenth Amendment since other minors, equally culpable of similar crimes, were exempt from such punishment." *Id.* at 2. Along with his federal habeas petition, Petitioner filed a motion to stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and abate so he could pursue his unexhausted claims in state court. Judge Alsup granted Petitioners' motion to stay upon a finding that Petitioner's demonstrated good cause as to why he failed to exhaust his claims and showed that his allegedly unexhausted claims were not plainly meritless. ECF 10.

On December 20, 2012, Stamps filed a Petition for Writ of Habeas Corpus before the Supreme Court of California. *See* No. S207482 (Cal.). In March 2014, the Supreme Court of California denied Stamps' petition "without prejudice to any relief to which petitioner might be entitled after this court decides *In re Alatriste*, S214652 and *In re Bonilla*, S214960." *Id.* On August 17, 2016, the Supreme Court of California transferred both *In re Alatriste* and *In re Bonilla* to the Court of Appeal, Second Appellate District with orders to vacate its prior denials of the petitioners' writs of habeas corpus and show cause "why [each] petitioner is not entitled to make a record of 'mitigating evidence tied to his youth.'" *See* No. S214652 (Cal.) (citing *People*

2

*v. Franklin*, 63 Cal. 4th 261, 268–69, 283–84 (Cal. 2016)); No. S214960 (Cal.) (same); *see also* ECF 38.

The Supreme Court of California's decision to deny Stamps' petition without prejudice pending the outcome of *In re Alatriste* and *In re Bonilla* reveals that it is likely that any decision in those cases could alter the determination of Stamps' unexhausted claims. Indeed, a favorable decision in those actions might even resolve Stamps' petition entirely. Accordingly, IT IS HEREBY ORDERED this action shall be STAYED. The Court additionally ORDERS Petitioner or Mr. Bergerson to file an amended petition or an update to this Court by no later than **April 14, 2017**. The update shall address the following:

1. The status of Petitioner's claims, and in particular, whether they are entirely exhausted or when they will be exhausted

2. The status of *In re Alatriste* and *In re Bonilla*, as relevant to Stamps' petition; and

3. Whether or not Petitioner will be represented in this action, by Mr. Bergerson or otherwise.

Finally, given Mr. Bergerson's difficulty contacting Petitioner, the Court will provide notice of this order to him by mail at:

> Keith Stamps AB1095
> Salinas Valley State Prison
> P.O. Box 1050 B5-135
> Soledad, CA 93960.

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge