# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KEITH STAMPS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RANDY GROUNDS,<br><br>　　　　Defendant. | Case No. 12-cv-05753-BLF<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND TERMINATING AS MOOT MOTION TO WITHDRAW AS COUNSEL**<br><br>[Re: ECF 45] |

On February 3, 2016, Donald Thomas Bergerson, counsel for Petitioner Keith Stamps, filed a motion to withdraw as counsel. ECF 45. Mr. Bergerson "predicat[ed] his withdrawal motion on the provision of replacement counsel for the indigent [Petitioner Keith Stamps]." *Id.* Moreover, Mr. Bergerson stated, "should the Court deny the appointment of counsel, undersigned asks that the motion [to withdraw] be denied without prejudice[.]" *Id.* The Court thus construes this as a motion for appointment of counsel embedded in the motion to withdraw.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, the motion for appointment of counsel is DENIED without prejudice. Additionally, and in light of the

1 | Court's ruling, the motion to withdraw as counsel is TERMINATED AS MOOT.

2 | **IT IS SO ORDERED.**

4 | Dated: February 6, 2017

```
                                    _____
                                    BETH LABSON FREEMAN
                                    United States District Judge
```