1
2
3    **UNITED STATES DISTRICT COURT**
4    **NORTHERN DISTRICT OF CALIFORNIA**
5    **SAN JOSE DIVISION**
6
7    KEITH STAMPS,                          Case No.  12-cv-05753-BLF

              Plaintiff,
8                                          **ORDER GRANTING MOTION FOR
                                           RECONSIDERATION AND GRANTING
9        v.                                MOTION TO WITHDRAW AS
                                           COUNSEL AND APPOINTING
10   RANDY GROUNDS,                        COUNSEL FOR PETITIONER**

              Defendant.
11                                         [Re: ECF 47]
12
13        On February 3, 2017, Petitioner's counsel Donald T. Bergerson filed a motion to withdraw

14   as attorney of record, which was "predicat[ed] . . . on the provision of replacement counsel for the

15   indigent Stamps." ECF 45.  The Court construed Mr. Bergerson's motion to withdraw as

16   conditional upon the Court's granting his motion to appoint counsel.  As the Court denied the

17   motion to appoint counsel, the Court terminated the motion to withdraw as moot.  ECF 46.

18        Now before the Court is Petitioner's motion for reconsideration of this Court's prior order.

19   *See* Mot., ECF 47.  Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment

20   adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may

21   make a motion before a Judge requesting that the Judge grant the party leave to file a motion for

22   reconsideration of any interlocutory order . . . .  No party may notice a motion for reconsideration

23   without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a).  Although Petitioner's

24   motion is captioned as a request for reconsideration, the Court construes it as a motion for leave to

25   file a motion for reconsideration and the motion for reconsideration itself.  For the reasons

26   discussed herein, the Court GRANTS leave to file the motion for reconsideration and GRANTS

27   the motion for reconsideration.

28        A motion for reconsideration may be made on three grounds: (1) a material difference in

United States District Court
Northern District of California

fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.  Civ. L.R. 7-9(b).  The moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).

In his motion, Petitioner clarifies that his prior motion was not intended to be a request for withdrawal conditioned upon the Court's granting his request for appointment of counsel, but rather two separate requests.  *See generally* Mot.  Given the Court's misunderstanding of Petitioner's prior request, the Court GRANTS Petitioner's motion for leave to file a motion for reconsideration and deems the pending request for reconsideration as the motion for reconsideration. Additionally, finding good cause, the Court GRANTS Mr. Bergerson's request to withdraw as counsel effective February 13, 2017.  Mot. 1 (citing disabling illness and possible conflict of interest).

Petitioner also urges the Court to reconsider its order denying the appointment of counsel.  *Id.* at 2.  Petitioner asks the Court to exercise its discretionary authority to appoint counsel "due to the specific equities of this case."  *Id.*  Although a state petitioner does not have a federal constitutional right to the appointment of counsel in habeas proceedings, a petitioner may be entitled to appointed counsel upon a showing that the circumstances of his case indicate that appointed counsel is necessary to prevent due process violations.  *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also* 18 U.S.C. § 3006A(a)(2) (providing that a district court has discretion to appoint counsel for state habeas corpus petitioners when it determines "that the interests of justice so require").  In light of the unique facts of this case—specifically, that the California Supreme Court denied his petition "without prejudice to any relief to which petitioner might be entitled after this court decides *In re Alatriste*, S214652 and *In re Bonilla*, S214960," and those cases have since been remanded to the Los Angeles Superior Court—and the U.S. Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the Court finds the appointment of counsel necessary to prevent due process

United States District Court
Northern District of California

2

violations.  Accordingly, the Court GRANTS Petitioner's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: February 15, 2017

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California