# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

KEITH STAMPS,

    Plaintiff,

v.

RANDY GROUNDS,

    Defendant.

Case No. 12-cv-05753-BLF

**ORDER TERMINATING APPOINTMENT OF COUNSEL**

On May 30, 2018, the Court issued an order to show cause to Petitioner Keith Stamps as to why continued appointment of counsel is still necessary in this action for habeas corpus. *See* ECF 53. Petitioner responded, arguing that appointment of counsel is still warranted. For the reasons that follow, the Court TERMINATES appointed counsel.

## I. BACKGROUND

On December 26, 2012, Petitioner Keith Stamps ("Petitioner" or "Stamps"), a state prisoner, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 6-1. ("Petition").[1] Petitioner challenges his state conviction for one count of first-degree murder, enhanced with an allegation that he injured the victim with a firearm under Cal. Penal Code Section 12022.53(d), as well as his sentence of life without parole ("LWOP") imposed on him as a juvenile offender. Petition at 3, 5. The petition included three exhausted claims which Stamps timely raised on direct appeal to California's Court of Appeal, claiming that (1) there was insufficient evidence to support the conviction; (2) the jury instructions were in federal constitutional error; and (3) counsel was ineffective by failing to request a clarifying instruction

---

[1] Judge Alsup granted Petitioner's motion to amend on March 12, 2013. ECF 10.

that provocation could reduce a first-degree murder to the second degree. *Id.* at 6. The Court of Appeal affirmed the conviction and the California Supreme Court denied review. *Id.*

In addition to the exhausted claims raised on direct appeal, Petitioner also raised three admittedly unexhausted claims in his petition challenging his sentence, including: (1) his sentencing as an adult to period of confinement greater than what could have been imposed on him as a juvenile violated the Sixth and Fourteenth Amendments; (2) his sentence of fifty-years-to-life violated the Eighth and Fourteenth Amendments; and (3) his sentence violated the Equal Protection Clause of the Fourteenth Amendment since other minors, equally culpable of similar crimes, were exempt from such punishment. *Id.* at 7.

Along with his federal habeas petition, Petitioner filed a motion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and abate so he could pursue his unexhausted claims in state court. ECF 5. Judge Alsup granted Petitioner's motion to stay upon a finding that Petitioner had demonstrated good cause as to why he failed to exhaust his claims and showed that his allegedly unexhausted claims were not plainly meritless. ECF 10. On December 20, 2012, Petitioner filed a Petition for writ of habeas corpus before the Supreme Court of California. *See* No. S207482 (Cal.).

Previously, in June 2012, the United States Supreme Court held in *Miller v. Alabama* that mandatory LWOP sentences imposed on juvenile offenders without consideration of the defendant's youth, amenability to reform, and nature of the crime, are unconstitutional. 567 U.S. 460 (2012). In March 2014, the Supreme Court of California denied Stamps' petition "without prejudice to any relief to which petitioner might be entitled after this court decides *In re Alatriste*, S214652 and *In re Bonilla*, S214960." No. S207482 (Cal.).[2] On August 17, 2016, the Supreme Court of California transferred both *In re Alatriste* and *In re Bonilla* to the Court of Appeal, Second Appellate District with orders to vacate its prior denials of the petitioners' writs of habeas corpus and show cause "why [each] petitioner is not entitled to make a record of 'mitigating

---

[2] *In re Alatriste* and *In re Bonilla* were two other cases involving LWOP sentences imposed on juvenile offenders, where the court considered the extent to which, if at all, *Miller* provided remedies to juvenile offenders sentenced to LWOP such as Stamps.

2

evidence tied to his youth.'" *See* No. S214652 (Cal.) (citing *People v. Franklin*, 63 Cal. 4th 261, 268–69, 283–84 (Cal. 2016)); No. S214960 (Cal.) (same); *see also* ECF 38.

On October 17, 2016, this Court reinstated the previously imposed stay in this action to afford Petitioner the opportunity to exhaust the three claims challenging Petitioner's LWOP sentence. ECF 42.[3] This Court observed that the Supreme Court of California's decision to deny Stamps' petition without prejudice pending the outcome of *In re Alatriste* and *In re Bonilla* reveals that it is likely that any decision in those cases could alter the determination of Stamps' unexhausted claims. *Id.* Indeed, this Court reasoned, a favorable decision in those actions might even resolve Stamps' petition entirely. *Id.* The Court directed Petitioner to file an amended petition or status update on the unexhausted claims. *Id*.

On February 3, 2017, Petitioner's prior counsel in this matter, Donald Thomas Bergerson, filed a motion to withdraw as retained counsel and asked the Court to appoint replacement counsel for Petitioner. ECF 45. The Court denied the motion, finding that no evidentiary hearing appeared necessary and no exceptional circumstances warranted appointment of counsel. ECF 46. Bergerson moved for reconsideration, which the Court granted—ultimately granting Bergerson's request to withdraw as well as the request to appoint counsel for Petitioner in light of the unique facts with respect to the unexhausted claims. ECF 48. Specifically, the Court explained that its basis for appointing counsel was to prevent due process violations in light of the California Supreme Court's denial of Stamps' petition "without prejudice to any relief to which petitioner might be entitled after this court decides *In re Alatriste*, S214652 and *In re Bonilla*, S214960," the remand of those cases to the Los Angeles Superior Court, and the U.S. Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). ECF 48 at 2–3. David Plotsky was appointed as counsel for Petitioner on February 22, 2017. ECF 49.

On May 30, 2018, this Court granted Petitioner's request to lift the stay. ECF 53. Petitioner also represented that he had filed a successful habeas corpus petition to the California

---

[3] As mentioned in Petitioner's May 25, 2018 Status Report and Request to Lift Stay, this case has a circuitous history, with a dismissal for failure to prosecute, an appeal to the Ninth Circuit, remand to this Court, reopening of proceedings and a reinstatement of the stay. *See* ECF 52 at 2.

Superior Court based on *People v. Franklin* (ECF 52, Exh. 1), so this Court dismissed Petitioner's three unexhausted claims without prejudice and instructing Petitioner to file an amended Petition. Petitioner filed his Second Amended Petition on August 30, 2018. ECF 57 ("SAP"). The SAP asserts only his original three exhausted claims.

In the same order dismissing Petitioner's exhausted claims, the Court issued an order to show cause why continued appointment of counsel is necessary in light of the favorable resolution of Petitioner's unexhausted claims, noting that appointment of counsel for Petitioner in this matter had been previously denied, and that the Court only exercised its discretion to appoint counsel because of the now-dismissed exhausted claims. Petitioner filed his response to the order to show cause on August 30, 2018. ECF 57 ("Response").

## II. LEGAL STANDARD

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See id. Accord Hill v. Lizarraga*, 731 F. App'x 686, 687 n.2 (9th Cir. 2018) ("We have repeatedly held that appointment of counsel is discretionary '[u]nless an evidentiary hearing is required.'" (alteration in original) (quoting *Knaubert*, 791 F.2d at 728)). Appointment should be granted only when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2), which is only when "exceptional circumstances are present," *Plancarte v. Swarthout*, No. C 12-3304 RS PR, 2012 WL 5289380, at *1 (N.D. Cal. Oct. 25, 2012).

## III. DISCUSSION

The Court finds that justice no longer requires appointment of counsel here. Counsel was originally appointed only because of the complexity presented by Petitioner's unexhausted *Miller* claims. Those claims are no longer in the case, such that now the Petition includes only the much less complex, exhausted claims—that (1) there was insufficient evidence to support the conviction; (2) the jury instructions were in federal constitutional error; and (3) counsel was ineffective by failing to request a clarifying instruction that provocation could reduce a first-degree murder to the second degree. Nothing about these claims warrants continuing counsel's

appointment for Petitioner.

Petitioner argues that appointment is mandatory in this case because failure to continue appointment will lead to violations of Petitioner's due process rights. Response at 5–6. But the Ninth Circuit has made clear that appointment is discretionary unless an evidentiary hearing is required to adjudicate the claims. *See Hill*, 731 F. App'x at 687 n.2. Though Petitioner argues an evidentiary hearing may be necessary to adjudicate the ineffective assistance of counsel claim, the Court is not convinced such a hearing will be required. *See* 28 U.S.C. 2554(e) (setting forth high standard for securing evidentiary hearing in habeas cases by prisoners in state custody).

Petitioner also argues that the Court should exercise its discretion and continue the appointment of counsel because the claims are sufficiently complex, require competent counsel to effectively litigate, and raise complex legal concepts. Response at 7. But these hurdles are no greater than those presented to the average *pro se* habeas corpus petitioner; nothing about the claims in this case indicate that Petitioner should have counsel appointed where other petitioners are not granted that privilege. The Court already decided as much when it noted in its previous order that it was appointing counsel only because of the complexity of the now-dismissed claims. *See* ECF 48 at 2–3.

Petitioner thus fails to demonstrate that appointment is mandatory here or that the Court should exercise its discretion to continue the appointment.

## IV. CONCLUSION

For the foregoing reasons, the Court TERMINATES the appointment of David L. Plotsky as counsel for Petitioner. If Mr. Plotsky wishes to appear *pro bono* or at Petitioner's cost on Petitioner's behalf, he is free to do so, though he need not. As Mr. Plotsky has filed papers on behalf of Petitioner, the Court will consider him attorney of record for this action unless and until he files a motion to withdraw as counsel that this Court subsequently grants.

**IT IS SO ORDERED.**

Dated: September 5, 2018

BETH LABSON FREEMAN
United States District Judge